**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnteia Gaston, | No. CV-13-00103-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Steve Malone, Devon Vericker, IQOR, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21), Plaintiff's Response, and the Reply. For the following reasons, Defendants' Motion will be granted.

**I.     Legal Standard**

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A claim is plausible if it contains "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct

alleged, *Iqbal*, 556 U.S. at 678.  In evaluating a motion to dismiss, the Court accepts all of Plaintiffs' plausible factual allegations as true and construes the pleadings in a light most favorable to them.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The principle that a court accepts as true all of the allegations in a complaint does not, however, apply to legal conclusions or conclusory factual allegations.  *Iqbal*, 566 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

## II.     Background

Plaintiff Shawnteia Gaston (Ms. Gaston) filed suit against her former employer, Defendant iQor (iQor), her former supervisor at iQor, Defendant Steve Malone (Mr. Malone), and iQor Vice President Defendant Devon Vericker (Mr. Vericker) for multiple counts stemming from allegations of harassment in the workplace.  iQor moved to dismiss many of the claims in Ms. Gaston's Complaint (Doc. 6), after which Ms. Gaston filed an Amended Complaint (Doc. 19).  In this Motion, Defendants again move to dismiss many of Ms. Gaston's claims for failure to state a claim.

Taking all of the alleged facts in the Complaint as true and drawing all inferences in Ms. Gaston's favor, the basis for Ms. Gaston's claims is the alleged sexual harassment of her supervisor, Mr. Malone.   Ms. Gaston was an employee of iQor from May 2011 until iQor terminated her employment in in April 2012.  Ms. Gaston was moved to Mr. Malone's team at iQor in July 2011.  Beginning in August 2011, Ms. Gaston alleges that Mr. Malone made a series of harassing remarks and gestures to Ms. Gaston on account of her sex.  The alleged harassment culminated in February 2012, when Mr. Malone suspended Ms. Gaston and grabbed her by the arm to tell her to leave the office.  Ms. Gaston complained about Mr. Malone's actions to multiple iQor Vice Presidents, including Mr. Vericker.  Ms. Gaston spoke with Mr. Vericker about Mr. Malone's alleged harassment, and Mr. Vericker arranged for Ms. Gaston to be on paid suspension

while iQor investigated her complaints.

Upon Ms. Gaston's return to iQor after suspension, she was moved to work under several different supervisors in response to her complaints about Mr. Malone. Nonetheless, Ms. Gaston alleges that Mr. Malone continued to use his authority to make her uncomfortable. As a result, Ms. Gaston filed a grievance about Mr. Malone's harassment with Mr. Vericker in March 2012. After receiving the grievance, Ms. Gaston alleges that Mr. Vericker threatened to terminate Ms. Gaston if she pursued her grievance further. On April 10, 2012, Ms. Gaston received an email from her new supervisor informing her that she had been terminated because she did not show up for work or did not make required calls. Ms. Gaston alleges that her absence from work had been approved in advance by another supervisor, and protested her termination, but iQor did not reinstate her employment. This lawsuit followed.

### III.   Analysis

Defendants move to dismiss all counts as against individual Defendants Mr. Malone and Mr. Vericker for failure to state a claim upon which relief could be granted. Further, Defendants move to dismissed Counts II, IV, V, VI, and VII against Defendant iQor.

#### A.   Counts I-III, VI: Defendants Malone and Vericker

Defendants move to dismiss Counts I-III and Count VI of Ms. Gaston's claims against the individual defendants on the grounds that Title VII does not permit liability against individual managers or supervisors. The liability scheme for unlawful discrimination in the workplace under Title VII limits civil liability to the employer. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Civil liability for employment discrimination under Title VII therefore "does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998). As a result, Title VII does not provide a cause of action for damages against supervisors or fellow employees, *Holly D. v. California Inst. of Tech.*, 339 F.3d 1158,

1179 (9th Cir. 2003), and Ms. Gaston's claims for employment discrimination against the individual defendants must be dismissed. Because none of the remaining claims in Ms. Gaston's Complaint could fairly be read to be based on any of Mr. Vericker's alleged acts, all of the remaining Counts against him must be dismissed as well.

### B.  Count II: Discrimination in Violation of A.R.S. § 23-425

Ms. Gaston has alleged that, in addition to violations of Title VII, Defendants violated Arizona's prohibition on employee discharge or discrimination under its Employment Practices and Working Conditions statute, A.R.S. § 23-425. Defendants move to dismiss this count on the grounds that § 23-425 only addresses discrimination in response to an employee's complaint regarding occupational safety and health standards, and does not provide a cause of action for discrimination generally. Section 23-425 prohibits adverse employment action "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this article." A.R.S. § 23–425(A). The article to which § 23-425 refers is Article 10: Division of Occupational Safety and Health. A.R.S. §§ 23-401-433. As a result, § 23-425 prohibits adverse employment action against an employee who has made a complaint with respect to occupational safety and health standards. Ms. Gaston has not alleged that she made a complaint with respect to occupational safety and health standards at iQor, and so Count II of her complaint, to the extent that it relies on A.R.S. § 23–425, will be dismissed.

Ms. Gaston also alleges discrimination in violation of Title VII under the Count II heading. To the extent that Count II brings claims for unlawful discrimination or harassment in the workplace, those claims are duplicative of Ms. Gaston's claims in Count I. Defendants do not move to dismiss Count I, and Ms. Gaston has adequately pled a claim for harassment in violation of Title VII against iQor in Count I. Count II does not, therefore, state an independent claim for relief under Title VII. Count II will be dismissed against iQor.

### C.     Count IV: Negligent Infliction of Emotional Distress

In Count IV, Ms. Gaston alleges that Defendants caused her severe distress as a result of Defendants' negligent conduct. Despite Ms. Gaston's inclusion of the word "Intentional" in the heading for Count IV, the claim is based on Defendants' alleged negligent conduct. (Doc. 19 ¶50.) The Court will therefore treat Count IV as one for negligent infliction of emotional distress only.

Arizona law requires that emotional distress "result[ ] in illness or bodily harm" in order to recover for negligent infliction of emotional distress. *Keck v. Jackson*, 122 Ariz. 114, 593 P.2d 668, 669 (Ariz. 1979). A defendant is liable for negligently causing illness or bodily harm if he should have realized that his conduct involved an unreasonable risk of causing distress or should have realized that the distress he caused might result in illness or bodily harm. *Ball v. Prentice*, 162 Ariz. 150, 781 P.2d 628, 630 n. 1 (Ariz. Ct. App. 1989) (adopting Restatement (Second) of Torts § 313 (1965)). Illness or bodily harm is, however, "a broader concept under Arizona law than might be suggested by the common usage of the term. In particular it comprehends 'substantial, long-term emotional disturbances' unaccompanied by any physical injury.'" *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 978 (9th Cir. 2011) (citing *Monaco v. HealthPartners of Southern Arizona*, 196 Ariz. 299, 303, 995 P.2d 735 (Ariz. Ct. App. 1999)). And there are some circumstances in which an employer may be liable for negligent infliction of emotional distress for actions taken against an employee. *Loos v. Lowe's HIW, Inc.*, 796 F. Supp. 2d 1013, 1021 (D. Ariz. 2011).

Ms. Gaston has alleged that Defendants' actions inflicted distress, humiliation, shame, and anxiety (Doc. 19 ¶32), and concludes that she has suffered ongoing severe physical and mental anguish as a result (Doc. 19 ¶50). Defendants contend that Ms. Gaston has failed to state a claim in Count IV because she has not alleged any physical injury. But Arizona law, as applied by the Ninth Circuit, does not require physical injury in order to state a claim for negligent infliction of emotional distress in cases of "substantial, long-term emotional disturbances." *Harris*, 631 F.3d at 978. Even under

1 that standard, however, Ms. Gaston has failed to plead factual allegations sufficient to
2 raise her right to relief on a claim for negligent infliction of emotional distress above a
3 speculative level.

4 Ms. Gaston's allegation that she suffered and will continue to suffer severe
5 physical and mental anguish and emotional distress is merely a conclusory statement
6 unsupported by factual allegations in the Complaint. Ms. Gaston's feelings of distress,
7 humiliation, and shame, the only factual allegations which could fairly support her
8 conclusory statement, do not approach the level of "substantial, long-term emotional
9 disturbances" that could justify an exception to the general rule requiring physical injury
10 to state a negligent infliction of emotional distress claim. Indeed, in *Monaco*, the case on
11 which the Ninth Circuit relied for the proposition that physical injury is not always
12 required to establish an illness or bodily harm under Arizona law, the plaintiff was
13 diagnosed with post-traumatic stress disorder after receiving a negligent medical care that
14 could cause him to contract leukemia. Ms. Gaston has not alleged any similar facts that
15 would support a claim that Defendants' conduct caused her "substantial, long-term
16 emotional disturbances." *Monaco*, 196 Ariz. at 303. Because the facts as alleged in her
17 Complaint are not sufficient to state the elements of a claim for negligent infliction of
18 emotional distress, Ms. Gaston has not stated a claim upon which relief can be granted
19 and Count IV will be dismissed with leave to amend.

### D.   Count V: Fair and Accurate Credit Transactions Act

21 In Count V, Ms. Gaston has alleged that Defendants violated the Fair and
22 Accurate Credit Transactions Act (FACTA), an amendment to the Fair Credit Reporting
23 Act, 15 U.S.C. § 1681 *et seq.*, by writing down consumer credit card information of its
24 customers. Ms. Gaston does not have standing to bring a claim for violation of FACTA.
25 In order to have standing, a plaintiff must have suffered a concrete and particularized
26 injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). According to
27 Ms. Gaston, Defendants violated FACTA by writing down the credit card numbers of its
28 customers. The alleged illegal act, then, could cause injury only to the customer whose

privacy was violated.  Ms. Gaston has not alleged that Defendants misused her credit card information, and so cannot allege that she herself suffered a concrete injury from the Defendants' alleged violation of FACTA.  As a result, Count V will be dismissed for lack of standing.

### E.   Count VI: Constructive Discharge

Ms. Gaston alleges in Count VI that Defendants violated A.R.S. § 23-1502 by constructively discharging her.  Though she titled this section of the Complaint "Wrongful Discharge," Ms. Gaston's claim is based entirely on A.R.S. § 23-1502.  Section 23-1502 creates a cause of action for constructive discharge when an employee is forced to leave a position because of objectively difficult or unpleasant working conditions or because of a pattern of discriminatory harassment.  But Ms. Gaston has alleged that Defendants terminated her employment, not that she was constructively discharged.  To the extent that Ms. Gaston intended to allege a claim of wrongful termination under Title VII rather than a claim for constructive discharge under A.R.S. § 23-1502, that allegation is fairly contained in Count III of her Complaint. (Doc. 19 ¶45.)  As a result, Count VI will be dismissed

### F.   Count VII: Assault

Finally, in Count VII, Ms. Gaston brings a claim for the tort of assault against Mr. Malone and iQor.  In order to state a claim for the intentional tort of assault in Arizona, a plaintiff must allege that the defendant intended to cause harm or offensive contact or intended to cause apprehension of an immediate harmful or offensive contact and did, in fact, cause apprehension of such contact.  Restatement (Second) of Torts § 21 (1965).  Ms. Gaston alleges that Mr. Malone grabbed her by the arm in an effort to get her to leave the office more quickly (Doc. 19 ¶15.)  Ms. Gaston has not, therefore alleged that Mr. Malone either intended to cause harmful conduct, or intended to cause apprehension of harmful conduct.  Ms. Gaston also does not allege that Mr. Malone's actions did, in fact, cause her apprehension of immediate harmful conduct.  Because she has not alleged facts to support either of the elements of a claim for assault, Ms. Gaston's Count VII will

be dismissed.

### G.     Leave to Amend

Leave to amend a complaint that fails to state a claim should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  And the Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).  Because of the Court's order discouraging motions to dismiss (Doc. 12), Ms. Gaston was able to amend the Complaint in light of Defendants' arguments that the complaint was deficient.  In addition, Defendants filed a Motion to Dismiss (Doc. 6) before Ms. Gaston amended her complaint, which Ms. Gaston used to structure her amending pleading.  Ms. Gaston was therefore provided ample notice and opportunity to amend her complaint to state a claim. In light of these opportunities, and of the core legal deficiencies in the claims, further amendment of the pleadings would be futile for Counts II, V, VI, and VII.  The deficiencies in Ms. Gaston's complaint for those claims that will be dismissed would not be cured by allegations of other facts.  As a result, the claims dismissed by this order will be dismissed with prejudice.

In Count IV, Ms. Gaston has failed to state a claim upon which relief could be granted because she has not alleged sufficient facts to support her claim.  As a result, it is possible that the deficiency in Count IV could be cured by the allegation of other facts, and Ms. Gaston will granted leave to amend on this Count only.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21) is granted.

IT IS FURTHER ORDERED that all claims against Defendant Devon Vericker are dismissed with prejudice.

IT IS FURTHER ORDERED that Counts I, II, III, V, VI, and VII are dismissed against Defendant Steve Malone with prejudice.

1    IT IS FURTHER ORDERED that Counts II, V, VI, and VII are dismissed against Defendant iQor with prejudice.

IT IS FURTHER ORDERED that Count IV is dismissed against Defendants Steve Malone and iQor with leave to file an amended complaint with respect to Count IV only by May 10, 2013.  Plaintiff's remaining claims are Counts I and III against Defendant iQor only.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or, in the Alternative, Motion to Strike (Doc. 6) is denied as moot.

Dated this 23rd day of April, 2013.

_____
Neil V. Wake
United States District Judge